Green, J.
delivered the opinion of the court.
The defendant- was surety for one Smith, for the delivery of property which had been levied on by virtue of an execution against Smith, the bond stipulating that the *316 Pr0Perty was t0 delivered by 12 o’clock on the day appointed. The property was not delivered so soon as 12 o’clock, and the bond was returned forfeited; upon which an execution issued against Smith and England, and the property of England was levied onby Jesse Martin, the constable, and by himself and William Martin, the plaintiff in the execution, taken in possession. England sued in tro-ver for the value of the property. The court told the jury, in substance, that if the property was delivered on the day appointed, before sunset, and while there were yet bidders, although such delivery might have been after 12 o’clock of that day, it would be sufficient, and that the constable had no authority by law, to take the bond for the delivery at 12 o’clock. By the act of 1801, ch. 15, sec. 1, it is provided, that the officer levying an execution shall take the bond for the delivery of the property on the day of the sale. The circuit court correctly construed this act. The officer had no right to stipulate in the bond for its delivery at any particular period of the day. If delivered within a reasonable time to enable the officer to sell, it would be sufficient. It is contended that as eight of the cattle taken by the defendants below, from the plaintiff, were afterwards levied on and sold by virtue of an execution against the plaintiff, their value ought to be deducted from the amount of the verdict. This court cannot determine from this record, whether the jury in estimating the plaintiff’s damages included the value of those eight cattle or not. No exception is taken to the opinion of the court on that part of the case. The jury had the evidence of this levy and sale before them, as well as proof of the value of the whole property sued for. One of the witnesses estimates that value greatly beyond the finding of the jury. They may have taken the highest estimate, and deducting the value of these eight cattle, found the balance. We can determine nothing certainly upon this subject; and we cannot weigh this evidence and determine that the jury have given too *317 much. Had the question been presented by requesting the court to charge upon the subject, then this court could have adjudicated upon it. Perceiving no error in the record, the judgment will be affirmed.
This cause was re-argued upon an application to reconsider the former judgment of this court, when the following opinion was delivered.
Green, J.,
delivered the opinion of the court.
It is insisted with great earnestness, that the judgment in this case is erroneous; that the execution by virtue of which Jesse Martin, the constable, made,the levy, was not void, but only voidable; and many cases are cited to support this position. All the cases cited differ from this. When a court has jurisdiction, and its proceedings are only erroneous and irregular, they are not void. But that was not the case here. The justice had no jurisdiction of the subject, and therefore his execution against Smith is wholly void. But it is said all the papers are not in this record; that it was enough for the constable to produce the execution by virtue of which he made the levy, in order to protect himself in this action. Truly the execution is prima facie evidence that he was authorized to make the levy, but not conclusive. It was competent for the plaintiff below to go behind the execution and show that there was no authority to issue it. This he has done; and surely the onus of proof rested upon the defendants below, to produce the bond, if one was executed by Smith. He has not done so, and we must take the case as this record presents it. As the case is presented by the record, Jesse Martin had an execution against Matthews, in favor of his father, which he levied on Matthews’ property. Macky and Smith agreed to be security for its delivery, but executed no bond. The property not being delivered, an execution was taken out against the property of Matthews, Macky and Smith, and *318 levied "on the property of Smith. England became security in a bond for the delivery of Smith’s property. That not being delivered, an execution issued against Smith and England, and was levied on the property of England, for which this suit was brought. Surely it must be seen upon this statement, that the justice had no jurisdiction to issue an execution against Smith. There was nothing upon which to found it. There was no judgment against him. So far as the record shows the case, there was no delivery bond executed by him as security for Matthews. The execution was issued, from what appears, simply upon the return of the constable, that he was security. If such an execution would protect the constable, wretched would be the state of society. But it is no protection. It is wholly void. But if the execution against Smith was yoid, the levy on his property, the bond executed by England, the execution against England, and the levy on England’s property, are all void and without authority; and the constable in taking England’s property, was a trespasser. It is said Smith does not complain, and that therefore England, who became his security, cannot. Whether these proceedings are void or not, does not depend on the acquiescence of Smith. If void, they can bind no one. The court is satisfied this judgment ought to stand.
Judgment affirmed.